Filed 4/17/25  P. v. Arias CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332935 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA017836) |
| v. | |
| BULMARO MAGANA ARIAS, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Appellant. | NO CHANGE IN THE JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on April 10, 2025, be modified as follows:

1. On page seven, in footnote 6, add the following paragraph before the paragraph beginning "Although defendant discussed":

> Although defendant obliquely referred to the invalidity of his second-degree murder conviction based on an invalid felony-murder theory in his opening brief, he failed to identify it as a separate and distinct legal argument and failed to cite legal authority in support of it.  California Rules of Court, rule 8.204(a)(1)(B) requires that each brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority."  An argument unsupported by legal authority is forfeited.  (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861; see *People v. Stanley* (1995) 10 Cal.4th 764, 793 ["'[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration'"].)

2. On page seven, in the existing text in footnote 6, replace "Although" with "And although" so that the sentence reads:

> And although defendant discussed this argument again in the supplemental brief we solicited on the applicability of *Patton*, that discussion exceeded the scope of our request for

supplemental briefing and accordingly provided the People no opportunity to respond.

\* \* \*

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____

HOFFSTADT, P. J.                    MOOR, J.                    KIM, J.

Filed 4/10/25  P. v. Arias CA2/5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332935 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA017836) |
| v. | |
| BULMARO MAGANA ARIAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed, and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Tarlyle, Supervising Deputy Attorney General, and Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Bulmaro Magana Arias (defendant) appeals the trial court's order summarily denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  Defendant claims that the trial court erred in considering the facts from his preliminary hearing transcript in denying the petition at the prima facie stage.  Under our Supreme Court's recent decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), the trial court did not err in summarily denying his petition, but we remand to give defendant the opportunity to amend his petition with specific facts.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts

#### A.    *The underlying crime*[3]

On October 26, 1993, defendant entered a residence in Long Beach carrying a .9 millimeter handgun.  Defendant asked

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

2    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  We therefore refer to the law formerly codified at section 1170.95 as section 1172.6.

3    Our recitation of the facts is taken from defendant's preliminary hearing conducted on November 17, 1993.

2

the occupants of the residence who was in the back bedroom; when the occupants informed him that the victim and his girlfriend were in the bedroom, defendant approached the bedroom, drew his gun, and chambered a round. The other occupants hid in a bathroom.

Defendant entered the back bedroom and found the victim standing against a wall and the victim's girlfriend sleeping. Defendant spoke to the victim and asked him to return something of the defendant's. Following a brief exchange, defendant shot the victim twice, once in the stomach and once in the chest, killing him. Defendant then fled.

Defendant spoke with police officers the next day, and admitted to shooting Gomez.[4]

### B.     *Plea, conviction and sentencing*

Defendant pled guilty to second degree murder (§ 187, subd. (a)) and admitted to the use of a firearm during a felony (§ 12022.5, subd. (a)). The trial court sentenced him to 20 years to life in state prison.

## II.     Procedural Background

In 2022,[5] defendant filed a petition for resentencing under section 1172.6, which allows incarcerated persons to petition for

---

[4]     Because defendant's admission was to the testifying officer and because it is sufficient by itself to establish that defendant was the actual killer, we need not address whether the testifying officer's relaying of what other witnesses said—pursuant to section 872—may be appropriate. (*Patton, supra,* 17 Cal.5th at p. 557, fn. 2 [reserving this issue].)

[5]     The record on appeal is incomplete. It does not contain defendant's petition or, by extension, the date it was filed. The first mention of the petition comes in the People's October 28,

resentencing on the grounds that they were previously convicted under a now-invalid theory of murder (§ 1172.6, subd. (a)). The People opposed the petition and attached a copy of defendant's 1993 preliminary hearing to their opposition.

On June 28, 2023, the trial court held a hearing on the petition, during which both sides submitted on the briefing without further argument. Defendant was represented by counsel. The court determined, based on the record before it, that "defendant [wa]s the actual killer" and was therefore not entitled to an evidentiary hearing or to relief under section 1172.6. The court summarily denied the petition.

Defendant timely appealed.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying him relief under section 1172.6.

In 2018, our Legislature amended the definition of "murder" in our State to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) As amended, liability for murder is limited to persons (1) who are the actual killer; (2) who aided and abetted the actual killer in the murder (that is,

_____

2022, request for an extension to respond to the petition. We accordingly presume that the petition was filed sometime in the preceding 60 days and—because the People responded—that it was facially sufficient. (§ 1172.6, subd. (c) ["Within 60 days after service of a petition that meets the requirements [of the statute], the prosecutor shall file and serve a response"].)

4

who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life.  (§§ 188, subd. (a)(3), 189, subd. (e).)

Section 1172.6 is the procedural vehicle by which persons convicted of murder in a now-final judgment can seek to vacate convictions that do not satisfy the currently permissible theories for homicide liability.  (§ 1172.6, subd. (a).)  Summary denial of a so-called section 1172.6 petition is appropriate only if the defendant petitioning for relief fails (1) to file a facially valid petition, or (2) to make a "prima facie case for relief" under the statute.  (*Id.*, subds. (b) & (c); *Patton*, *supra*, 17 Cal.5th at pp. 558-559, 562.)  A defendant files a facially valid petition as long as he "recit[es]" "section 1172.6's requirements."  (*Id.* at p. 562.)  A prima facie case for relief entails a "more demanding" "inquiry."  (*Id.* at p. 566.)  To evaluate whether a petition establishes a prima face case, a court must take the petition's factual allegations as true and ask "'"whether the petitioner would be entitled to relief if [those] allegations were proved."'"  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner"'" and summarily denying the petition.  (*Ibid.*)  Where a petition makes only "conclusory allegations" (including those made by "checkbox"), the record of conviction controls and summary denial is appropriate.  (*Patton*, at pp. 564-565.)  But where a petition "points to specific facts" indicating that the defendant was convicted on a now-invalid theory, there is a "material fact

dispute" necessitating an evidentiary hearing and precluding summary denial. (*Id*. at p. 567.) Thus, where, as here, the record of conviction establishes that defendant was the actual killer, a defendant seeking to avoid summary denial must allege "specific facts that identify someone else as the direct perpetrator" (rather than merely allude to a "hypothetical alternate direct perpetrator"). (*Ibid.*)

The trial court did not err in summarily denying defendant's section 1172.6 petition in this case. Here, the evidence presented at the preliminary hearing indicates that defendant was the actual killer. A court examining whether a defendant who has entered a plea has made a prima facie case may look to the preliminary hearing, even if the defendant did not adopt the preliminary hearing transcript as a factual basis for the plea. (*Patton, supra*, 17 Cal.5th at p. 569 & fn. 12.) Because defendant has not produced the petition itself and thus failed to show that its allegations pointed to "specific facts that identify someone else as the direct perpetrator," the record of conviction makes clear that defendant was the actual killer and that his petition may be summarily denied. (*Id*. at p. 567; *People v. Delgadillo* (2022) 14 Cal.5th 216, 233.)

Defendant resists this conclusion, arguing for the first time in his reply brief that any defendant who pleads to second-degree murder is entitled to an evidentiary hearing because (1) it is unclear on what theory defendant was convicted, and (2) our Legislature in 2018 eliminated felony-murder as a viable theory for second degree murder. We decline to consider this argument because it was not raised until the reply brief. (*People v. Wilson* (2023) 14 Cal.5th 839, 872, fn. 11 ["We need not, and typically do

not, address arguments raised for the first time in a reply brief"].)[6]

However, because *Patton* was the first decision to draw the distinction between conclusory and factual allegations and because defendant has so requested, we will remand the matter to the trial court to give defendant the opportunity to amend his petition to allege "specific facts" "identify[ing] someone else as the direct perpetrator."

## DISPOSITION

The order of June 28, 2023, denying defendant's section 1172.6 petition is affirmed, but we remand this matter to the superior court with directions to consider an amended petition should defendant, within 30 days of the issuance of the remittitur, seek to file one.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, P. J.

HOFFSTADT

---

[6]     Although defendant discussed this argument again in the supplemental brief we solicited on the applicability of *Patton*, that discussion exceeded the scope of our request for supplemental briefing and accordingly provided the People no opportunity to respond.

We concur:

_____, J.

MOOR

_____, J.

KIM (D.)